Matthew Jacobs (SBN: 331916)
THE JACOBS LAW FIRM, PC
5743 Corsa Avenue, Suite 208
Westlake Village, CA 91362
Telephone: (805) 601-7504
Email: matt@jacobslawfirm.com

*Counsel for Plaintiff Chrysilios Chrysiliou and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CHRYSILIOS CHRYSILIOU, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BARCLAYS BANK DELAWARE,<br><br>Defendant. | Case No. 2:25-cv-11625<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Chrysilios Chrysiliou ("Plaintiff" or "Mr. Chrysiliou"), on behalf of himself and all others similarly situated, alleges, on information and belief, as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendant Barclays Bank Delaware ("Defendant" or "Barclays") for violating the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. § 1691 *et seq*. The ECOA entitles certain persons against whom adverse action is taken to a statement of reasons for such action from the creditor. 15 U.S.C. § 1691(d). To satisfy this mandate, a creditor must provide a written notice that includes the specific reasons for the adverse action or advise the recipient of his or her right to a statement of reasons. 15 U.S.C. § 1691(d)(2) and (3).

2. Defendant failed to provide Plaintiff and class members with the requisite notice after revoking their credit accounts. Instead, Defendant sent Plaintiff and class members uniform letters in the form of Exhibit A hereto stating: "Negative public record information identified." This vague, boilerplate statement is insufficient because it does not provide specific reasons for the adverse action, and it omits any mention of the recipient's right to a statement of specific reasons.

3. Plaintiff and the class seek statutory punitive damages of up to $500,000, a halt to Defendant's unlawful practices, notice of the specific reasons for Defendant's adverse actions, and attorneys' fees and costs.

4. The allegations herein that relate to Plaintiff's personal actions are made based on personal knowledge. The remaining allegations are made on information and belief, including based on the investigation of counsel.

## PARTIES

5. Plaintiff Chrysilios Chrysiliou is an individual who held a credit card account issued by Defendant. Plaintiff received a notice from Defendant closing the

account as of August 15, 2023, and giving the following as the only reason for the account closure: “Negative public record information identified.”

6. Defendant Barclays Bank Delaware is Delaware state-chartered bank with its principal place of business in Wilmington Delaware. Barclays authorized to conduct banking business in the United States, including issuing consumer credit cards.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action “aris[es] under the Constitution, laws, or treaties of the United States.”

8. This Court has personal jurisdiction over Defendant because Defendant provides banking services in California, including within the Central District of California.

9. Venue lies in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Central District of California.

## GENERAL ALLEGATIONS

10. Originally enacted in 1974 to prohibit discrimination in credit transactions, the ECOA was amended in 1976 to require creditors to provide written notice of the specific reasons why adverse action was taken against certain persons in regard to their credit. In addition to discouraging discriminatory practices, the notice requirement is intended to provide consumers with a “valuable educational benefit” and to allow for the correction of errors “where the creditor may have acted on misinformation or inadequate information.” *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 576 (6th Cir. 2016) (quoting S. Rep. No. 94-589, at 4 (1976)).

11. The ECOA authorizes the Consumer Financial Protection Bureau (“CFPB”) to issue regulations “to carry out the [ECOA’s] purposes.” 15 U.S.C. §

1691b(a). Under this authority, the CFPB issued regulations that are collectively known as Regulation B. 12 C.F.R. § 1002.1(a).

12. The adverse action notice requirement is set forth at 15 U.S.C. § 1691(d), which provides in relevant part:

> (2) Each applicant [for credit] against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> > (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
> >
> > (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.

13. ECOA defines "applicant" to mean "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a

creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). "Consistent with Congress' intent in passing [ECOA]" a "person who has received an extension of credit from a creditor"—that is, an existing holder of a credit account—qualifies as an "applicant." *Powell v. Pentagon Fed. Credit Union*, 10-cv-785, Dkt. 26, U.S. Dist. LEXIS 9743, at *12 (N.D. Ill. Sept. 17, 2010). Likewise, Regulation B defines "applicant" to include "any person who . . . who has received an extension of credit from a creditor. . . ." 12 C.F.R. § 1002.2(e).

14. Plaintiff qualifies as an "applicant" under ECOA because Plaintiff applied for a Mastercard Black Card issued by Defendant.

15. ECOA defines "adverse action" to include "revocation of credit" 15 U.S.C. § 1691(d)(6). Similarly, Regulation B defines "adverse action" to include "[a] termination of an account . . . that does not affect all or substantially all of a class of the creditor's accounts."12 C.F.R. § 1002.2(c)(1).

16. Defendant took "adverse action" against Plaintiff through "revocation of [Plaintiff's] credit" and "termination of [Plaintiff's] account" on August 15, 2023. *Id.* Specifically, Defendant sent a letter (the "Letter") to Plaintiff, dated August 15, 2023, notifying Plaintiff that "your account has been closed for the following reason: Negative public information identified." A copy of the Letter is attached hereto as **Exhibit A**.

17. Regulation B provides that "a creditor shall notify an applicant of action taken within . . . 30 days after taking adverse action on an existing account." 12 CFR § 1002.9(a)(1)(ii). The notice must include, among other things either "a statement of specific reasons for the action taken" or "a disclosure of the applicant's right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification." 12 CFR § 1002.9(a)(2).

18. Defendant failed to provide Plaintiff with a "statement of specific reasons for the action taken" or "a disclosure of the applicant's right to a statement of specific reasons" by September 14, 2023—*i.e.*, "within . . . 30 days after taking adverse action" on August 15, 2023. *See* 12 CFR § 1002.9(a)(1)(ii) and (a)(2).

19. The Letter does not include a "statement of specific reasons for the action taken" or "a disclosure of the applicant's right to a statement of specific reasons." 12 CFR § 1002.9(a)(2).

20. Rather than include a "statement of specific reasons for the action taken," 12 CFR § 1002.9(a)(2), the letter merely states that Defendant "your account has been closed for the following reason: Negative public information identified." *see* Exhibit A.

21. Regulation B requires that the statement of reasons "be specific and indicate the principal reason(s) for the adverse action. Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve a qualifying score on the creditor's credit scoring system are insufficient." 12 C.F.R. § 1002.9(b)(2). The CFPB's official interpretation of Regulation B provides that: "[t]he specific reasons disclosed under §§ 1002.9(a)(2) and (b)(2) must relate to and accurately describe the factors actually considered or scored by a creditor." 12 C.F.R. Pt. 1002, Supp. I, 19(b)(2)-2.

22. Defendant's vague, boilerplate explanation for the adverse action taken is not specific and does not accurately describe the factor(s) Defendant considered in terminating Plaintiff's account.

23. In addition, the Letter does not include a disclosure of Plaintiff's "right to a statement of specific reasons within 30 days, if the statement is requested within 60 days of the creditor's notification." "The disclosure shall include the name, address, and telephone number of the person or office from which the statement of

reasons can be obtained." 12 CFR § 1002.9(a)(2). The letter lacks any such disclosure.

**Class Action Allegations**

24. Defendant violated the ECOA in the same way against other persons similarly situated to Plaintiff. Plaintiff therefore brings this action on behalf of the following class pursuant to Federal Rule of Civil Procedure 23:

> All natural persons to whom Defendant sent a letter giving "[n]egative public record information identified" or similarly unspecific language as the only reason(s) for revoking a credit account, in the period beginning 5 years before the filing of this action and ending on the day of class certification.

25. The following individuals are excluded from the class: officers and directors of Defendant and its parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23 because this action satisfies the applicable numerosity, commonality, typicality, adequacy, predominance, and superiority requirements.

27. Numerosity: The potential members of the class are so numerous that joinder of all the members of the class is impracticable. On information and belief, there are at least hundreds—if not thousands—of class members.

28. Commonality: There are questions of law and fact common to the class that predominate over any individualized questions, including but not limited to:

a. Whether class members are "applicants" under the ECOA;

b. Whether Defendant is a "creditor" under the ECOA;

c. Whether Defendant's revocations of Plaintiff and class members' credit accounts constitute "adverse actions" under the ECOA;

d. Whether the statement "negative public record information identified" constitutes a specific reason for the adverse actions taken sufficient to satisfy the requirements of the ECOA;

e. Whether Plaintiff and the class are entitled to an award of punitive damages under the ECOA;

f. Whether Plaintiff and the class are entitled to injunctive relief halting Defendant's unlawful practices; and

g. Whether Plaintiff and the class are entitled to injunctive relief requiring Defendant to notify them of the specific reason(s) why the adverse action.

29. Typicality: Plaintiffs claims are typical of the claims of the class in that Plaintiff and the other class members each: (a) held credit accounts issued by Defendant, (b) had an adverse action taken against them by Defendant, (c) were given vague and unspecific reasons (*e.g.*, "negative public record information identified") as the only reason for revocation of their credit accounts; and (d) were not provided a "a disclosure of the applicant's right to a statement of specific reasons" within 30 days after Defendant's adverse action. Defendant's conduct is common to all class members and represents a common thread of conduct resulting in injury to all members of the class. Plaintiff has suffered the harm alleged and has no interests antagonistic to any other class member.

30. Adequacy: Plaintiff is a member of the class and will fairly and adequately represent and protect the interests of the class. Plaintiff's interests do not conflict with the interests of other class members. Furthermore, counsel for Plaintiff and the class is competent and experienced in federal litigation, with experience litigating class action and consumer protection matters. Plaintiff's counsel will fairly and adequately protect and represent the interests of the class.

31. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. The claims of individual class members are too small to warrant individual action. Individual joinder of all class members is impracticable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Class treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant in opposing the class.

## First Cause of Action for Violation of the ECOA

32. Plaintiff incorporates the foregoing paragraphs as through fully repeated here.

33. Plaintiff and class members are "applicants" under 12 C.F.R. § 1002.2(e) because they applied for and received an extension of credit from Defendant prior to Defendant's adverse action.

34. Defendant is a "creditor" under 12 C.F.R. § 1002.2(e) because it regularly participates in credit decisions, including setting the terms of credit, in the ordinary course of business.

35. Plaintiff and class members each had an "adverse action" taken against them by Defendant under 12 C.F.R. § 1002.2(c) in that Defendant revoked Plaintiff and each class member's credit account.

36. Defendant failed to provide Plaintiff and class members with a "statement of specific reasons for the action taken" or "a disclosure of the applicant's right to a statement of specific reasons" within 30 days after taking adverse action against them.

37. Defendant's conduct substantially harmed Plaintiff and class members.

38. Defendant's conduct directly and proximately caused the harm Plaintiff and class members suffered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class, prays for judgment as follows:

1. For punitive damages of up to $500,000 pursuant to 15 U.S.C. § 1691e(b) in an amount to be proven at trial.

2. For injunctive relief pursuant to 15 U.S.C. § 1691e(c) including: (a) an order halting Defendant's unlawful practices; and (b) an order requiring Defendant to notify class members of the specific reason(s) why the adverse action was taken against them;

3. For attorneys' fees and costs of suit pursuant to applicable law including, without limitation, 15 U.S.C. § 1691e(d); and

4. For such other and further relief as the Court deems just and proper.

Dated: December 7, 2025

Respectfully submitted,

THE JACOBS LAW FIRM, PC

By: [signature]

Matthew Jacobs

*Counsel for Plaintiff Chrysilios Chrysiliou and the Putative Class*

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all causes of action, claims, and issues that may be tried before a jury.

Dated: December 7, 2025

Respectfully submitted,

THE JACOBS LAW FIRM, PC

By: ____________________

Matthew Jacobs

*Counsel for Plaintiff Chrysilios Chrysiliou and the Putative Class*